```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Cv. No. 10-2729-STA/dkv |
|  | ) | Cr. No. 06-20180-STA |
| DERRICK BROWN, | ) | |
| Defendant. | ) | |

ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT
(ECF Nos. 7 & 17)
ORDER DENYING MOTIONS FOR CONTEMPT
(ECF Nos. 18 & 20)
ORDER DENYING MOTION FOR BAIL
(ECF No. 19)
ORDER DENYING MOTIONS TO CORRECT DOCKET
(ECF Nos. 31 & 32)
ORDER DENYING MOTIONS FOR TRANSFER
(ECF Nos. 28 & 29)
ORDER DENYING MOTION FOR ISSUANCE OF A WRIT
(ECF No. 34)
AND
ORDER DIRECTING DEFENDANT TO FILE NO FURTHER PLEADINGS UNTIL
THE COURT HAS RULED ON THE PENDING MOTION TO VACATE

On October 12, 2010, Defendant Derrick Brown, Bureau of Prisons inmate registration number 20986-076, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, filed a *pro se* motion pursuant to 28 U.S.C. § 2255 (ECF No. 1.) On August 16, 2011, the Court directed the United States to respond to the motion. (ECF No. 6.) On April 23, 2012, the Court directed the United States to show cause for its failure to file a response. (ECF No. 21.) On April 24, 2012, the United States

responded to the Court's show cause order and filed a response to the motion to vacate. (ECF Nos. 23 & 24.)

On December 21, 2011 and March 1, 2012, Defendant filed motions for default. (ECF Nos. 7 & 17.) On March 26, 2012, and April 3, 2012, Defendant filed motions seeking to hold the United States in contempt for its failure to file a timely response. (ECF Nos. 18 & 20.) The Court has accept the United States' explanation and permitted the United States to file the late response. Defendant's motions for default and for contempt are DENIED.

On April 3, 2012, Defendant filed a motion for bail. (ECF No. 19.) Release of a prisoner pending consideration of the habeas corpus petition is reserved for the extraordinary case. *See* Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993)("[s]ince a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."). In order to warrant release, the petitioner must demonstrate "not only a substantial claim of law based in the facts surrounding the petition but also the existence of 'some circumstances making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990)(quoting Aronson v. May, 85 S. Ct. 3, 5 (1964). Brown's

claims do not present an extraordinary or exceptional case deserving special treatment. The motion for bond is DENIED.

On August 13 and 15, 2012, Defendant filed motions to correct the docket because his memoranda in support of his motion for bail were misfiled by the Clerk. (ECF Nos. 31 & 32.) The memoranda were submitted after the filing of the motion. The Clerk docketed them with the later-submitted pleadings contained in the same envelope. The Court considered Defendant's memoranda and his motion for bail has been denied. The motions to correct the docket are DENIED as MOOT.

On June 11 and 22, 2012, Defendant filed motions for immediate transfer. (ECF Nos. 28 & 29.) On September 7, 2012, Defendant filed a motion seeking the issuance of a writ for his transfer. (ECF No. 34.) This Court does not have the authority to supervise classification and assignment of inmates. An inmate does not have a protected right to be assigned to a particular prison, security classification, or housing assignment. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976). *See* Sandin v. Conner, 515 U.S. 472, 484-87 (1995)(confinement in particular part of prison or jail does not implicate due process absent "atypical and significant hardship" "in relation to the ordinary incidents of prison life"). Furthermore, this Court has no jurisdiction of any alleged civil rights violations occurring at Defendant's prison in Lewisburg, Pennsylvania. He must have

those complaints addressed in the district of his confinement. The motions for transfer and for the issuance of a writ are DENIED.

It is clear that Derrick Brown is a vexatious litigant who is abusing the federal court's jurisdiction. Brown has restrictions on his filing privileges under 28 U.S.C. 1915(g).[1] *See* Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987). He has filed multiple repetitive motions and extraneous pleadings in this case. This Court has the obligation and authority to prevent this type of abuse.

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984), *cert. denied*, 474 U.S. 1061 (1985). *See also* Winslow v. Romer, 759 F. Supp. at 677-78; Kersh v. Borden Chemical, Div. of Borden, Inc., 689 F. Supp. 1442, 1452-53 (E.D. Mich. 1988). The Sixth Circuit and other appellate courts have endorsed the enjoining of prolific frivolous filers. *See* Filipas v. Lemons. *See also* Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 1986); Cotner v.

---

[1] *See* Brown v. Thomas, et al., No. 02-2368-JSG-dkv (W.D. Tenn.), which was dismissed as frivolous and for failure to state a claim on June 20, 2002; Brown v. Ponte, et al., No. 02-2366-SHM (W.D. Tenn.), which was dismissed as frivolous and for failure to state a claim on June 19, 2002; and Brown v. Mail Room, et al., No. 02-2365-JSG (W.D. Tenn.), which was dismissed as frivolous and for failure to state a claim on June 17, 2002.

Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984); In re Martin-Trigona; In re Green, 215 U.S. App. D.C. 393, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir.), *cert. denied*, 461 U.S. 960, 77 L. Ed. 2d 1321, 103 S. Ct. 2436 (1980); Green v. White, 616 F.2d 1054, 1056 (8th Cir. 1980) (per curiam); Gordon v. Department of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).  The Court must take care not to impose restrictions that would preclude the party from all access to the courts.  Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986); Sires v. Gabriel, 748 F.2d 49, 51 (1st Cir. 1984).

Defendant is ORDERED to file no further pleadings in this action until the Court has ruled on the remaining pending motions and Defendant's motion to vacate. Furthermore, Defendant is warned that any violation of the Court's order will be treated as contempt of court, resulting in sanctions, up to and including immediate dismissal of this case. The Clerk of Court shall not accept for filing in this case any further pleadings from Defendant until further order of the Court.

IT IS SO ORDERED this 20th day of December, 2013.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE